## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

FILED
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBORAH HARRIS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0660** (BOR Appeal No. 2047972)
                         (Claim No.  2010128905)

**ENCORE MANAGEMENT COMPANY, INC.,**
**Employer Below, Respondent**


### MEMORANDUM DECISION

Petitioner Deborah Harris, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Encore Management Company, Inc., by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 29, 2013, in which the Board reversed a December 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 30, 2012, decision which closed the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Harris, a laborer, was injured in the course of her employment on March 9, 2010, while she was repairing a refrigerator. By a March 25, 2011, Order of the Office of Judges, the claim was held compensable for lumbar sprain/strain and she was granted temporary total disability benefits from March 11, 2010, through March 22, 2010, and further as substantiated by proper medical evidence. Ms. Harris underwent physical therapy for her compensable injury and

1

when that failed, she underwent modality treatment consisting of a TENS unit, ultrasound, and pool therapy.

Ms. Harris suffered a non-compensable injury on April 27, 2010, when she fell down some steps and broke two of her ribs. J. David Lynch, M.D., noted in a June of 2010 treatment note that Ms. Harris requested an MRI to determine if she further injured her back when she fell; however, she also reported at that time that she felt that her back condition was gradually improving. The repeat MRI showed that Ms. Harris's back condition was unchanged as compared to an MRI taken prior to her non-compensable fall. In September of 2010, Dr. Lynch recommended Ms. Harris resume physical therapy.

In a letter dated June 13, 2011, John Manchin II, D.O., Ms. Harris's treating physician, stated that she was no longer making progress with physical therapy but was remaining stable. In a follow-up letter in March of 2012, he explained that Ms. Harris's April 27, 2010, fall extended the recovery time for the compensable injury to June 13, 2011. Ms. Harris testified in a deposition on June 8, 2012, that she was being treated for her lower back injury prior to her non-compensable fall and resumed treatment after her broken ribs healed. She asserted that the non-compensable fall did not affect her back injury.

A record review was performed by Marsha Bailey, M.D., in August of 2012. Dr. Bailey asserted that Ms. Harris's injury should have healed within four weeks. She opined that CT and MRI scans were within normal limits for someone of Ms. Harris's age, showed no evidence of an acute injury, and revealed only age-related changes. Dr. Bailey asserted that Ms. Harris reached maximum medical improvement long ago and was not temporarily and totally disabled for over a year as Dr. Manchin stated.

The claims administrator closed the claim for temporary total disability benefits on March 30, 2012. The Office of Judges reversed the decision in its December 11, 2012, Order and granted Ms. Harris temporary total disability benefits from March 23, 2010, to June 13, 2011. It found that while Ms. Harris was being treated for her compensable injury, she fell down some stairs at her home and broke two ribs. She testified that her lower back treatment had to be postponed until her ribs healed. The Office of Judges determined that her testimony was corroborated by Dr. Manchin who noted in a letter that her broken ribs extended the recovery time for her compensable injury. The Office of Judges held that Ms. Harris demonstrated that she was temporarily and totally disabled from March 23, 2010, to June 13, 2011. She testified that she continued treatment for her lower back during that time period. Dr. Lynch evaluated her in September of 2010 and concluded that she required further treatment. Dr. Manchin treated her for the compensable injury from September of 2010 to June of 2011 and specifically opined that she was temporarily and totally disabled from March 23, 2010, to June 13, 2011. The Office of Judges found no evidence showing that Ms. Harris reached maximum medical improvement prior to the intervening injury in April of 2010. It also found no evidence showing that the fall resulted in any significant new medical findings or symptoms in the lower back. A lumbar MRI taken after the April of 2010 fall remained unchanged as compared to a prior, pre-fall MRI. The Office of Judges therefore concluded that there was simply no evidence to show that Ms. Harris

reached maximum medical improvement or was released to return to work prior to June 13, 2011.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision in its May 29, 2013, decision. It found that the Office of Judges held in a prior Order that the April 27, 2010, fall was not compensable. It stated that Dr. Bailey opined that Ms. Harris reached maximum medical improvement long ago and required no further treatment. She noted that a sprain/strain is expected to resolve in a maximum of four weeks. She also noted that a lumbar CT and MRI taken after the injury were within normal limits for a woman of Ms. Harris's age and only showed age-related changes, not an acute injury. The Board of Review therefore held that Ms. Harris suffers from non-compensable degenerative changes. It determined that her April 27, 2010, fall resulted in an intervening injury to her lower back.

This Court finds that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. The Board of Review relied heavily upon Dr. Bailey's record review. Dr. Bailey opined that Ms. Harris reached maximum medical improvement long ago but she did not state when exactly Ms. Harris reached maximum medical improvement. She did not give a specific date or even a specific month. The Board of Review also relied upon the fact that Ms. Harris suffered a fall in April of 2010. However, an MRI taken after the fall was unchanged as compared to an MRI taken prior to the fall. Additionally, Ms. Harris reported after the fall that she felt her back was continuing to improve. There is no evidence in the record to indicate that she reached maximum medical improvement prior to her non-compensable fall and no evidence that she sustained any new or worsening lower back symptoms as a result of the fall. Dr. Manchin opined that the non-compensable fall caused a delay in treatment for her compensable lumbar sprain/strain because she had to wait until her broken ribs healed in order to continue therapy. He stated that she did not reach maximum medical improvement until June 13, 2011. The evidentiary record therefore indicates Ms. Harris is entitled to temporary total disability benefits for the requested time period.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material misstatements and mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the December 11, 2012, Order of the Office of Judges.

Reversed and remanded.

**ISSUED:   October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3